# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA

v.  No. 4:07CR00279-01 JLH

JOSHUA LEE HOWE

## ORDER

Pending is Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582, based on the retroactive application of the United States Sentencing Commission's crack cocaine penalty guideline reduction (Amendment 750).

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction.[1] Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.G. § 2D1.1, are potentially eligible. If a defendant is not serving a sentence based on the drug quantity table, there is no basis for the Court to exercise its discretion to grant a sentence reduction.[2]

Although the Guidelines were mentioned in the plea agreement, the agreement specifically set out that "[t]he parties agree that the defendant should receive the maximum statutory sentence under Title 18 U.S.C. § 661 of five (5) years imprisonment consecutive to the period of imprisonment he is currently serving in federal custody."[3] Defendant was sentenced to 60 months

---

[1] *See* U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement) (March 3, 2008).

[2] U.S.S.G. § 1B1.10(a)(1).

[3] Doc. No. 117.

in prison on April 16, 2010,[4] based on the agreement that Defendant receive a 60-month sentence, the "maximum statutory sentence." Additionally, as noted in the Government's response, Defendant's plea negotiations involved a superceding information, which significantly lowered Defendant's sentencing exposure.[5]

Because Defendant's sentence was not based on the drug quantity tables, Defendant is not eligible for a reduction under Amendment 750. Accordingly, Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582 (Doc. No. 137) is DENIED.

IT IS SO ORDERED this 20th day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[4] Doc. Nos. 123, 124.

[5] In a superseding indictment, Defendant was charged with conspiracy to commit kidnapping, kidnapping, and witness tampering. Doc. No. 109.